## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

| | |
|---|---|
| **RONALD WEAVER,** | |
| PETITIONER, | **No. 10-CV-4091-DEO** |
| **vs.** | **ORDER ON REQUEST FOR** |
| **UNITED STATES OF AMERICA,** | **CERTIFICATE OF APPEALABILITY** |
| RESPONDENT. | |

## I.  INTRODUCTION

Mr. Weaver filed the present Motion for a Certificate of Appealability on October 17, 2013.  Docket No. 63.  On August 19, 2013 this Court entered a ruling granting Mr. Weaver's Petition for habeas relief under 28 U.S.C. § 2255.  Docket No. 56.  The Government filed a notice of appeal on October 17, 2013.  Docket No. 60.  Mr. Weaver filed a notice of cross-appeal on October 18, 2013.  Docket No. 62.

## II.  ANALYSIS

Under the Code, in most situations, a party must receive a Certificate of Appealability before that party can appeal a district court's ruling on a habeas petition to the circuit court.[1]   28 U.S.C. §2253(c)(2) gives the District Court discretionary power to grant a Certificate of Appealability.

---

[1]See, generally, 28 U.S.C. §2253.

Under that section, the Court should only issue a certificate

of appealability if "the applicant has made a substantial

showing of the denial of a constitutional right."  <u>Slack v.

McDaniel</u>, 529 U.S. 473, 482 (2000)(citing 28 U.S.C. §

2253(c)).  In <u>Slack</u>, the Supreme Court defined "substantial

showing" as follows:

> To obtain a [certificate of appealability]
> under §2253(c), a habeas prisoner must make
> a substantial showing of the denial of a
> constitutional right, a demonstration that,
> under <u>Barefoot</u>, includes showing that
> reasonable jurists could debate whether
> (or, for that matter, agree that) the
> petition should have been resolved in a
> different manner or that the issues
> presented were "'adequate to deserve
> encouragement to proceed further.'"
> <u>Barefoot</u>, 463 U.S. at 893, and n.4, 103 S.
> Ct. 3383 (sum[ming] up the "substantial
> showing" standard).

<u>Slack</u>, 529 U.S. at 483-84.  <u>See</u> <u>also</u> <u>Garrett v. United States</u>,

211 F.3d 1075, 1076-77 (8th Cir. 2000).

In his habeas Petition, Mr. Weaver raised several

arguments.  As set out in Docket No. 56, Mr. Weaver argued:

> (1) Petitioner's sentence should be
> vacated, so that Petitioner may be
> resentenced in accordance with the Fair
> Sentencing Act of 2010; (2) Petitioner's
> sentence should be vacated in light of
> Petitioner's vacated 262 month sentence in
> the Southern District of Iowa; (3)

ineffective assistance of trial counsel due
to a failure to enforce Petitioner's right
to a 30 day period between his initial
appearance with counsel and his trial and
failure to investigate and present
exculpatory witnesses, specifically Carvell
Engalnd, Tony Brown, and Jamale Key; (4)
ineffective assistance of counsel for
failing to investigate and present as
witnesses Carvell England, Tony Brown, and
Jamale Key. Docket No. 4 and Docket No.
6. On November 11, 2010, the Government
filed a Response to the Habeas Petition.
Docket No. 14. As discussed above, after
a preliminary hearing, the Court identified
two additional issues pertinent to the
resolution of Mr. Weaver's case: (5)
whether Mr. Weaver is entitled to relief on
a claim of ineffective assistance of
counsel in relation to Attorney Stuart
Dornan's potential failure to file a motion
for a new trial at or prior to sentencing
based on his knowledge that Carvell England
and Jamale Key were then willing to
testify; and (6) whether Mr. Weaver is
entitled to relief based on a claim of
actual innocence.

The Court denied most of Mr. Weaver's claims, but granted

him a new trial on the basis of ineffective assistance of

post-trial counsel Stuart Dornan.

Even though the Court is satisfied with its ruling, the

Court is persuaded that it is possible that "reasonable

jurists could debate whether...the petition should have been

resolved in a different manner". Slack, 529 U.S. at 483-84.

The existence of the circuit courts and the Supreme Court is a testament to the fact that district courts are not infallible. The Court's decision in this case was a judgment call, and this Court is of the opinion that all its judgment calls should be reviewable. Mr. Weaver's claims, that this Court denied, are sufficiently well founded that a review would be appropriate.

The case of Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997) states that in granting a Certificate of Appealability this Court must state the issues upon which the applicant may have made a substantial showing of the denial of his constitutional rights. Accordingly, Mr. Weaver may appeal: whether Petitioner's sentence should be vacated, so that Petitioner may be resentenced in accordance with the Fair Sentencing Act of 2010; whether Petitioner's sentence should be vacated in light of Petitioner's vacated 262 month sentence in the Southern District of Iowa; whether Petitioner received ineffective assistance of trial counsel due to a failure to enforce Petitioner's right to a 30 day period between his initial appearance with counsel and his trial and failure to investigate and present exculpatory witnesses, specifically

4

Carvell Engalnd, Tony Brown, and Jamale Key; whether Petitioner recieved ineffective assistance of trial counsel for failing to investigate and present as witnesses Carvell England, Tony Brown, and Jamale Key; whether Petitioner is entitled to habeas relief on a claim of actual innocence.

## III. CONCLUSION

**IT IS THEREFORE HEREBY ORDERED** that petitioner's motion for certificate of appealability, Docket No. 63, is **granted**.

**IT IS SO ORDERED** this 22nd day of October, 2013.

_____
Donald E. O'Brien, Senior Judge
United States District Court
Northern District of Iowa