# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| RONALD WEAVER,<br><br>Petitioner,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. C10-4091-MWB<br>(No. CR06-4014-3-MWB)<br><br>**ORDER** |

This case, originally assigned to Judge O'Brien, is before me on a remand from the Eighth Circuit Court of Appeals.[1]

In 2006, Mr. Weaver was indicted on two counts related to the manufacture and distribution of cocaine. (Crim. docket nos. 40, 91). Weaver's case proceeded to trial, where a jury found him guilty of both counts. (Crim. docket no. 202). After several post-trial motions, Judge O'Brien sentenced Weaver to 300 months incarceration. (Crim. docket no. 354). Weaver appealed and the Eighth Circuit Court of Appeals affirmed. *United States v. Weaver*, 554 F.3d 718, 724 (8th Cir. 2009). Weaver timely filed the present 28 U.S.C. § 2255 action on September 27, 2010. (Civ. docket no. 1). After numerous hearings and collection of both pre and post hearing briefs, Judge O'Brien entered an order granting in part and denying in part Weaver's § 2255 petition. (Civ. docket no. 56). Specifically, Judge O'Brien denied ineffective assistance of counsel claims against Weaver's trial attorney, but found that Weaver's post-trial attorney, Stu

---

[1] Upon Judge O'Brien's passing, this case was reassigned to me.

Dornan, was ineffective for failing to file a motion for a new trial.[2] *Id.*, at 66. Accordingly, Judge O'Brien vacated Weaver's conviction and ordered a new trial. The Respondent appealed. (Civ. docket no. 60). Weaver appealed the portions of Judge O'Brien's order related to his trial counsel. (Civ. docket no. 65).

On July 16, 2015, the Eighth Circuit Court of Appeals affirmed in part and reversed in part Judge O'Brien's order. *Weaver v. United States*, 793 F.3d 857, 865 (8th Cir. 2015). Specifically, the Eighth Circuit Court of Appeals affirmed Judge O'Brien's finding that Weaver's trial counsel was not ineffective. However, it reversed Judge O'Brien's finding that attorney Stu Dornan was ineffective and reinstated Weaver's conviction. *Id*. Weaver filed for a rehearing *en banc*, which was denied. (Civ. docket no. 81). Mandate issued on October 21, 2015. (Civ. docket no. 82)

Based on the decision of the Eighth Circuit Court of Appeals, there are no issues remaining in Weaver's case. Accordingly, pursuant to the opinion of the Eighth Circuit Court of Appeals, Weaver's 28 U.S.C. § 2255 petition is denied and this case is dismissed. No further certificate of appealability shall issue.

**IT IS SO ORDERED.**

**DATED** this 26th day of October, 2015.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[2] Weaver's trial attorney, Chad Primmer, filed a motion to withdraw shortly after the guilty verdict. (Crim. docket no. 252).